IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROD T. HERRELL,

   Plaintiff,

vs.            Case No. 06-1301-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

   Defendant.

MEMORANDUM AND ORDER

   Plaintiff Jerod Herrell has previously applied for Social Security disability benefits. On May 3, 2006, the ALJ determined that Herrell's disability had ended on August 1, 2004, a decision affirmed by the Appeals Council on August 2, 2006. There are two allegations of error by Herrell. First, he contends the ALJ's determination that he had experienced medical improvement was not supported by objective medical evidence. Second, he contends that the ALJ erred in determining that any physical improvement has increased his ability to work.

   Herrell has previously been found to be disabled due to a variety of conditions, including neurogenic bladder disorder, musculoskeletal trauma, adjustment disorder, hyperactivity disorder, intermittent explosive disorder, and personality disorder. The latest finding of disability was in August 17, 2001. At the 2006 hearing, the ALJ reviewed the medical record and concluded that Herrell's medical condition had improved and that he was not disabled after 2004. He found that Herrell had the residual functional capacity (RFC) to perform sedentary work, with lifting, sitting,

walking and standing restrictions due to his musculoskeletal fractures, and the requirement for limited periods of concentration and interaction with supervisors due to his mental disorder.

Herrell acknowledged in the administrative hearing that he had experienced improved emotional functioning, but stated that he could not work due to the trauma-induced incontinence, and the resulting need to self-catheterize. The ALJ found Herrell's claims of disabling pain not credible, since the pain was of limited duration (it was present only during winter months) and was controllable (Herrell relieved the pain with Tylenol). Herrell also testified to significant physical activity in his daily life, including (1) playing basketball for thirty minutes at a time, (2) running for fifteen minutes, (3) being able to sit for one hour and stand for two hours at a time, (4) having no limitation on his ability to walk, (5) the ability to lift up to 50 pounds, (6) the ability to read for 30 to 45 minutes without a break, (7) and (on Fridays) mowing three yards using a push mower, including one yard "which covers several city lots." (Tr. 20).

The ALJ noted there was no treating medical source who indicated that Herrell could not work or could work only with certain restrictions. A consultant psychological examiner, Dr. Schwartz, found that Herrell had some difficulty in concentration and memory, and was easily angered.

Under 42 U.S.C. § 423(f), the Commissioner may terminate benefits where the recipient's medical condition has improved. In the present appeal, Herrell argues that the ALJ's decision was not grounded on any medical evidence. 20 C.F.R. § 404.1594(c)(1) defines "medical improvement" in the context of the termination of benefits —

> Medical improvement is any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled and is determined by a comparison of prior and

current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s).

Herrell does not challenge the ALJ's assessment of his mental condition, or contend that his mental condition is disabling. Rather, he argues that the prior assessment of disability was based on the work-preclusive effect of the need to self-catheterize, and there is no medical evidence on that issue.

First, the record does not support the conclusion that Herrell's incontinence was the ***only*** basis for the earlier finding of disability; the cited portion (Tr. 53) of the hearing officer's decision merely indicates that incontinence played a role in the finding of disability. The same decision also indicates that the disability arose "[m]ost significantly" due the incontinence, but that there was also "a lesser psychological impairment" which affected how Herrell adjusted to his physical condition. (Tr. at 48).

Second, and more importantly, it is simply incorrect to suggest that the ALJ's decision reflects a purely subjective re-weighing of the nature of Herrell's condition. Rather, there have been intervening medical interventions which have been objectively observed to have an effect on Herrell's condition. As the same hearing officer noted, "[m]edical records show and the claimant's testimony show that difficulties with incontinence have improved significantly." (Tr. 53). That is, after the 2002 bladder augmentation surgery to assist in Herrell's ability to self-catheterize, Herrell's own statements — he acknowledged that it now took him only 10 to 12 minutes to self-catheterize — support the conclusion that his condition has substantially improved.

This is not a case where the Commissioner has attempted to discontinue benefits based upon purely subjective evidence or the re-weighing of ambiguous evidence. Rather, the ALJ was

presented with a case in which an explicit medical intervention had occurred, in which subsequent medical records confirmed a successful intervention, and in which the claimant himself acknowledged important improvements in his condition, and in his resulting ability to work.

IT IS ACCORDINGLY ORDERED this 27th day of December, 2007, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE